UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER A. CHIEJINA,<br>119 Young Harris Dr.<br>Simpsonville, SC 29681,<br><br>and<br><br>PICCOL NIGERIA LTD.,<br>No. 13, Ekiomado Street,<br>Off 4 S&T Road, Uselu Quarters<br>PO Box 6392, Benin City,<br>Edo State, Nigeria,<br><br>   Petitioners,<br><br>  vs.<br><br>FEDERAL REPUBLIC OF NIGERIA,<br>Ministry of Foreign Affairs<br>Tafawa Balewa building, Federal Secretariat<br>CBD, Abuja<br>Nigeria,<br><br>   Respondent | No. |

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

  The Petitioners, Peter A. Chiejina ("Chiejina") and PICCOL Nigeria Ltd. ("PICCOL"), respectfully apply to this Court under 9 U.S.C. § 207: (1) for an order recognizing and confirming the final arbitral award dated June 7, 2019 ("the Award") rendered in an arbitration between the Petitioners and the Respondent, the Federal Republic of Nigeria ("Nigeria"), pursuant to an agreement to arbitrate contained in a contract between PICCOL and Nigeria dated April 20, 2005; and (2) for judgment for the Petitioners on the Award, with pre- and post-judgment interest, costs, and such other relief to which the Petitioners may be entitled at law or in equity.

PARTIES, JURISDICTION, AND VENUE

1. This application arises under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201, et seq., and the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, Jun. 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention").

2. The petitioner, PICCOL Nigeria Ltd., is a limited liability company organized under the law of Nigeria, with its registered office No. 13, Ekiomado Street, Off 4 S&T Road, Uselu Quarters, PO Box 6392, Benin City, Edo State, Nigeria.

3. The petitioner, Peter A. Chiejina, resides at 119 Young Harris Dr., Simpsonville, SC 29681. He is managing director and the chief executive officer of PICCOL, and its principal owner.

4. The respondent, the Federal Republic of Nigeria, is a foreign state as that term is used in the Foreign Sovereign Immunities Act.

5. The Court has subject-matter jurisdiction under 28 U.S.C. § 1330(a). Nigeria is not immune from the jurisdiction of this Court because the action is brought to confirm an award made pursuant to an agreement between Nigeria and PICCOL to submit to arbitration differences which may arise between them with respect to a defined legal relationship concerning a subject matter capable of settlement by arbitration under the laws of the United States; and the award is governed by a treaty in force for the United States calling for the recognition and enforcement of arbitral awards, namely, the New York Convention. *See* 28 U.S.C. § 1605(a)(6). In addition, by signing the New York Convention, Nigeria implicitly waived its foreign sovereign immunity with respect to petitions for confirmation of arbitral awards in the courts of other contracting states, including the United States. *See* 28 U.S.C. § 1605(a)(1).

6. The Court has personal jurisdiction over Nigeria under 28 U.S.C. § 1330(b).

7. Venue lies in this district under 28 U.S.C. § 1391(f)(4) and 9 U.S.C. § 204.

## FACTS

A. <u>The Contract and the Agreement to Arbitrate.</u>

8. PICCOL and the Federal Government of Nigeria were parties to a written contract ("the Contract"), titled "Contract Agreement (Construction of Gully Erosion Control Structures At Umuako Ubirilem, Orsu Local Government Area of Imo State)," dated April 20, 2005. A true copy of the Contract (exclusive of documents incorporated by reference into the Contract under Paragraph 4.0) is attached as Exhibit 1 to the Declaration of Theodore J. Folkman ("Folkman Decl."), which is being filed with this petition.

9. The Contract was for the construction of gully erosion control structures in Imo State, Nigeria in consideration of payment of ₦ 255,898,518.75, inclusive of withholding tax and value-added tax. PICCOL, an engineering firm, was to perform the work.

10. The agreement to arbitrate is contained in the Contract. Paragraph 18.0 of the Contract provides:

> Any dispute, controversy or claim arising out of or relating to this contract or the breach, termination or invalidity thereof, shall be settled by arbitration at the Regional Centre for International Commercial Arbitration, Lagos, under the applicable Arbitration Rules in the schedule to the Arbitration and Conciliation Act Cap. 19 Laws of the Federation of Nigeria 1990.

B. <u>The Dispute, the Arbitration, and the Award</u>

11. During the term of the contract, Nigeria breached the contract by unnecessarily delaying the payment of several interim payment certificates, as the arbitrator found.

3

12. The delays caused work stoppages due to lack of funds, and the Petitioners therefore incurred significant expenses for equipment idle time and loss of use. The delays in payment also caused a loss of profits.

13. The Petitioners served Nigeria with a notice of arbitration dated March 26, 2014, seeking arbitration of the dispute regarding delayed payments.

14. The Petitioners sought to arbitrate their claims at the Abuja Multi Door Court House, an ADR provider in Abuja, Nigeria, but the proceeding was dismissed on Nigeria's objection, because the agreement to arbitrate required arbitration at the Regional Centre for International Commercial Arbitration in Lagos ("RCICAL").

15. On August 3, 2016, the Petitioners requested that the RCICAL commence the arbitration. The RCICAL sent notice to Nigeria on September 20, 2016, which was received on September 29, 2016. The RCICAL appointed Dorothy Udeme Ufot, SAN, FCIArb (UK), as sole arbitrator on October 26, 2016.

16. Nigeria appeared and was represented by counsel at the hearing and throughout the proceedings.

17. Nigeria made written submissions to the arbitrator throughout the proceedings. On September 20, 2017, Nigeria submitted preliminary objections sought dismissal of the claims for lack of jurisdiction and on other grounds. The arbitrator rejected the objections and held that she had jurisdiction.

18. On March 26, 2018, Nigeria filed its written points of defense, along with written witness statements and exhibits. It filed its opening submission on April 6, 2018.

19. The hearing took place on April 9 and 10, 2018.

20. Nigeria filed its closing submissions on June 6, 2018.

21. The arbitrator issued her award on June 7, 2019. She awarded the following damages to the Petitioners:

    a. ₦ 18,341,744.65, with interest at 5% from May 30, 2016. This figure represented the balance of payment for interim payment certificate 5.

    b. ₦ 6,240,117.00, with interest at 5% from May 30, 2016. This figure represented interest on delayed payments for interim payment certificates 2, 3, 4, and 5.

    c. ₦ 245,980,000.00, with interest at 5% from April 2, 2013. This figure represented the cost of equipment idle time.

    d. ₦ 51,279,663.75, with interest at 5% from October 25, 2010. This figure represented lost profits caused by Nigeria's breach of contract.

    e. ₦ 8,261,026.54, with interest at 5%, beginning to run 21 days after the date of the award. This figure represented 50% of the costs of arbitration paid by the Petitioners, less ₦ 100,000 in costs that were awarded to Nigeria during the arbitration.

22. Thus, the principal amount of the damages awarded, before interest, was ₦ 330,102,551.94.

23. The award required all damages to be paid within 21 days of the date of the award. To date, Nigeria has paid nothing.

24. The amount of preaward interest included in the award is ₦ 101,872,295.24.

25. The amount of postaward interest that has accrued from the date of the award to today is ₦ 36,558,833.28.

C. <u>The Deep Fall in The Value of the Nigerian Naira.</u>

26. The value of the Nigerian naira has decreased dramatically during the relevant time frame.

27. On October 25, 2010, the conversion rate from naira to US dollars was approximately 0.0066.

28. On April 2, 2013, the conversion rate from naira to US dollars was approximately 0.0063.

29. On May 30, 2016, the conversion rate from naira to US dollars was approximately 0.0050.

30. On June 7, 2019, the day of the award, the conversion rate from naira to US dollars was approximately 0.0033.

31. Today, the conversion rate from naira to US dollars is approximately 0.0024.

32. The Petitioners are entitled to a judgment denominated in dollars converted from naira as of the dates from which the arbitrator awarded interest.

Count One (9 U.S.C. § 207)

33. The Petitioners incorporate the allegations of paragraphs 1 to 32.

34. The agreement to arbitrate alleged above was an agreement in writing within the scope of Article II of the New York Convention.

35. The Award arose out of a commercial legal relationship within the meaning of 9 U.S.C. § 202.

36. The Award was made in the Federal Republic of Nigeria, which, along with the United States, is a state party to the New York Convention.

37. The Award is final, binding, and enforceable under the New York Convention and Chapter 2 of the Federal Arbitration Act.

38. There are no grounds to refuse or defer recognition or enforcement of the Award under the New York Convention.

39. The Award must be confirmed under 9 U.S.C. § 207.

## DEMAND FOR RELIEF

Therefore, the Petitioners demand the following relief:

1. An order under 9 U.S.C. § 207 recognizing and confirming the Award;

2. Judgment against the Respondent, denominated in US dollars, in the principal amount of $2,907,698.22, which includes post-award interest awarded by the arbitrator to the date of commencement of this action;

3. Prejudgment interest at 5%;

4. Post-judgment interest;

5. Costs; and

6. Such other relief to which they may be entitled at law or in equity.

Respectfully submitted,

PETER A. CHIEJINA and
PICCOL NIGERIA LTD.

By their attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman
FOLKMAN LLC
53 State St., Suite 500
Boston, MA 02109
(617) 219-9664
ted@folkman.law

Dated: August 24, 2021