

# Arbitration and Conciliation Act
## Chapter 19
### Laws of the Federation of Nigeria 1990

## Arrangement of Sections

## Part I

### Arbitration

#### *Arbitration Agreement*

| | | | | | |
|---|---|---|---|---|---|
| 1 | Form of arbitration agreement. | 2 | Arbitration agreement irrevocable except by agreement or leave of court. | 3 | Death of party. |
| 4 | Arbitration agreement and substantive claim before Court. | 5 | Power to stay proceedings | | |

#### *Composition of Arbitral Tribunal*

| | | | | | |
|---|---|---|---|---|---|
| 6 | Number of arbitrators. | 7 | Appointment of arbitrators. | 8 | Grounds for challenge. |
| 9 | Challenge procedure. | 10 | Termination of mandate due to failure or impossibility to act. | 11 | Appointment of substitute arbitrator. |

#### *Jurisdiction of Arbitral Tribunal*

| | | | |
|---|---|---|---|
| 12 | Competence of arbitral tribunal to rule on its jurisdiction. | 13 | Power of arbitral tribunal to order interim measure of protection |

#### *Conduct of Arbitral Proceedings*

| 14 | Equal treatment of parties. | 15 | Arbitral proceedings. | 16 | Place of arbitration. |
| 17 | Commencement of arbitral proceedings. | 18 | Language to be used in arbitral proceeding. | 19 | Points of claim and defence. |
| 20 | Hearing and written proceedings. | 21 | Default of a party. | 22 | Power of arbitral tribunal to appoint expert. |
| 23 | Power of court to order attendance of witness. | | | | |

### *Making of Awards and Termination of Proceedings*

| 24 | Decision making by arbitral tribunal. | 25 | Settlement. | 26 | Form and contents of award. |
| 27. | Termination of proceedings. | 28 | Correction and interpretation of award and additional award. | | |

### *Recourse Against Award*

| 29. | Application for setting aside an arbitral award. | 30 | Setting aside of award in case of misconduct by arbitrator, etc. |

### *Recognition and Enforcement of Awards*

| 31. | Recognition and enforcement of awards. | 32 | Refusal of recognition or enforcement of awards. |

### *General*

| 33. | Waiver of right to object. | 34. | Extent of court intervention. | 35. | Extent of application of this act to arbitration. |
| 36. | Extension of time. | | | | |

## Part II

### Conciliation

| 37. | Right to settle dispute by reconciliation. | 38. | Request to conciliate. | 39. | Commencement of reconciliation proceedings. |
| 40. | Appointment of conciliators. | 41. | Action by the conciliation body. | 42. | Terms of settlement. |

## Part III

**Additional Provisions Relating to International Commercial Arbitration and conciliation**

| | | |
|---|---|---|
| 43. Application of this part of this act. | 44. Appointment of sole arbitrator, etc. | 45. Challenge of arbitrators. |
| 46. Replacement of arbitrators. | 47. Rules applicable to substance of dispute. | 48. Setting aside of arbitral award. |
| 49. Costs. | 50. Deposit of costs. | 51. Recognition and enforcement of awards. |
| 52. Grounds of refusing recognition of enforcement. | 53. Application of arbitration rules set out in the First Schedule. | 54. Application of the Convention on Recognition and Enforcement of Foreign Arbitral Awards, etc. |
| 55. Conciliation rules. | | |

## Part IV

**Miscellaneous**

| | | |
|---|---|---|
| 56. Receipt of written communication. | 57. Interpretation. | 58. Short title and application. |

## Schedules

First schedule
Arbitration Rules


**Second Schedule**
Convention on Recognition and Enforcement of Foreign Arbitral Awards June 10, 1958


**Third Schedule**
Conciliation Rules



**Arbitration and Conciliation Act**
**Chapter 19**
**Laws of the Federation of Nigeria 1990**

[14ᵗʰ March, 1998]

An Act to provide a unified legal frame work for the fair and efficient settlement of commercial disputes by arbitration and conciliation; and to make applicable the Convention on the Recognition and Enforcement of Arbitral Awards (New York Convention) to any award made in Nigeria or in any contracting State arising out of international commercial arbitration.

**Part I**

**Arbitration**

*Arbitration agreement*

**1**. (1) Every arbitration agreement shall be in writing contained-

*(a)* in a document signed by the parties; or

*(b)* in an exchange of letters, telex, telegrams or other means of communication which provide a record of the arbitration agreement; or

*(c)* in an exchange of points of claim an of defence in which the existence of an arbitration agreement is alleged by one party and denied by another.

(2) Any reference in a contract to a document containing an arbitration clause constitutes an arbitration agreement if such contact is in writing and the reference is such as to make that clause part of the contract.

**2.** Unless a contrary intention is expressed therein, an arbitration agreement shall be irrevocable except by agreement of parties or by leave of the court or judge.

**3.** An arbitration agreement shall not be invalid by reason of death of any party thereto but shall, in such an event, by enforcement by or against the personal representative of the deceased.

**4.** (1) A court before which an action which is the subject of an arbitration agreement is brought shall, if any party so request not later than when submitting his first statement on the substance of the dispute, order or stay of proceedings and refer the parties to arbitration.

(2) Where an action referred to in subsection (1) of this section has been brought before a court, arbitral proceedings may nevertheless be commenced or continued, and an award may be made by the arbitral tribunal while the matter is pending before the court.

**5.** (1) If any party to an arbitration agreement commences any action in any court with respect to any matter which is the subject of an arbitration agreement any party to the arbitration agreement may, at any time after appearance and before delivering any pleadings or taking any other steps in the proceedings, apply to the court to stay the proceedings.

(2) A court to which an application is made under subsection (1) of this section may, if it is satisfied-

*(a)* that there is no sufficient reason why the matter should not be referred to arbitration in accordance with the arbitration agreement; and

*(b)* that the applicant was at the time when the action was commenced and still remains ready and willing to do all things necessary to the proper conduct of the arbitration, make an order staying the proceedings.

### *Composition of Arbitral Tribunal*

**6.** The parties to an arbitration agreement may determine the number of arbitrators to be appointed under the agreement, but where no such determination is made, the number of arbitrators shall be deemed to be there.

**7.** (1) Subject to subsection (3) and (4) of this section, the parties may specify in the arbitration agreement the procedure to be followed in appointing an arbitrator.

(2) Where no procedure is specified under subsection (1) of this section-

*(a)* in the case of an arbitration with three arbitrators, each party shall appoint one arbitrator and the two thus appointed shall appoint the third, so however that-

(i) if a party fails to appoint the arbitrator within thirty days of receipt of request to do so by the other party; or

(ii) if the two arbitrators fail to agree on the third arbitrator within thirty days of their appointments, the appointment shall be made by the court on the application of any party to the arbitration agreement;

*(b)* in the case of an arbitration with one arbitrator, where the parties fail to agree on one arbitrator, the appointment shall be made by the court on the application of any party to the arbitration agreement made within thirty days of such disagreement.

(3) Where, under an appointment procedure agreed upon by the parties-

*(a)* a party fails to act as required under the procedure; or

*(b)* the parties or two arbitrators are unable to reach agreement as required under the procedure; or

*(c)* third party, including an institution, fails to perform any duty imposed on it under the procedure,

any part may request the court to take the necessary measure, unless the appointment procedure agreed upon by the parties provides other means for securing the appointment.

(4) A decision of the court under the subsections (2) and (3) of this section shall not be subjected to appeal.

(5) The court in exercising its power of appointment under subsection (2) and (3) of this section shall have due regard to any qualifications required of arbitrator by the arbitration agreement and such other consideration as are likely to secure the appointment of an independent and impartial arbitrator.

**8.** (1) Any person who knows of any circumstances likely to give rise to any justifiable doubts as to his impartiality or independence shall, when approached in connection with an appointment as an arbitrator, forthwith disclose such circumstances to the parties.

(2) The duty to disclose impose under subsection (1) of this section shall continue after a person has been appointed as an arbitrator and subsist throughout the arbitral proceedings unless the arbitrator had previously disclosed the circumstances to the parties.

(3) An arbitrator may be challenged-

*(a)* if circumstances exist that give rise to justifiable doubts as to his impartiality or independence; or

*(c)* if he does not possess the qualifications agreed by the parties

**9.** (1) The parties may determine the procedure to be followed in challenging an arbitrator.

(2) Where no procedure is determined under subsection (1) of this section, a party who intends to challenge an arbitrator shall, within fifteen days of becoming aware of the constitution of the arbitral tribunal or becoming aware of any circumstances referred to in section 8 of this Act, send the arbitral tribunal a written statement of the reasons for the challenge.

(3) Unless the arbitrator who has been challenged withdraws from office or the other party agrees to the challenge, the arbitral tribunal shall decide on the challenge.

**10.** (1) The mandate of the arbitrator shall terminate-

*(a)* if he withdraws from office; or

*(b)* if the parties agree to terminate his appointment by reasons of his inability to perform his functions; or

*(c)* if for any reason he fails to act without undue delay.

(2) The fact that-

*(a)* an arbitrator withdraws from office under subsection (1) of this section or under section 9(3) of this Act; or

*(b)* a party agrees to the termination of the mandate of an arbitrator, shall not be construed as implying the existence of any ground or circumstances referred to in subsection (1) of this section or section 8(1) of this Act.

**11.** Where the mandate of an arbitrator terminates-

*(a)* under section 9 or 10 of this Act; or

*(b)* because of his withdrawal from office for any reason whatsoever; or

*(c)* because of the revocation of his mandate by agreement of the parties; or

*(d)* because of any other reason whatsoever,

a substitute arbitrator shall be appointed in accordance with the same rules and procedure that applied to the appointment of the arbitrator who is being replaced.

### *Jurisdiction of Arbitral Tribunal*

**12.** (1) An arbitral tribunal shall be competent to rule on questions pertaining to its own jurisdiction and on any objections with respect to the existence or validity of an arbitration agreement.

(2) For purposes of subsection (1) of this section, an arbitration clause which forms part of a contract shall be treated as an agreement independent of the other terms of the contract and a decision by the arbitral tribunal that the contract is null and void shall not entail *ipso jure* the validity of the arbitration clause.

(3) In any arbitral proceedings a plea that the arbitral tribunal-

*(a)* does not have jurisdiction may be raised not later than the time of submission of the points of defence and a party is not precluded from raising such plea by reason that he has appointed or participated in the appointment of an arbitrator;

*(b)* is exceeding the scope of its authority may be raised as soon as the matter alleged to be beyond the scope of its authority is raised during the proceedings,

and the arbitral tribunal may, in either case, admit a later plea if it considers that the delay was justified.

(4) The arbitral tribunal may rule on any plea referred to it under subsection (3) of this section either as a preliminary question or in an award on the merits; and such ruling shall be final and binding.

**13.** Unless otherwise agreed by the parties, the arbitral tribunal may before or during an arbitral proceedings-

*(a)* at the request of a party, order any party to take such interim measure of protection as the arbitral tribunal may consider necessary in respect of the subject matter of the dispute; and

*(b)* require any party to provide appropriate security in connection with any measure taken under paragraph (a) of this section

### *Conduct of Arbitral Proceedings*

**14.** In any arbitral proceedings, the arbitral tribunal shall ensure that the parties are accorded equal treatment and that each party is given full opportunity of presenting his case.

**15.** (1) The arbitral proceedings shall be in accordance with the procedure contained in the Arbitration Rules set out in the first schedule to this Act.

(2) Where the rules referred to in subsection (1) of this section contain no provision in respect of any matter related to or connected to any particular arbitral proceedings, the arbitral tribunal may, subject to this Act, conduct the arbitral proceedings in such a manner as it considers appropriate so as to ensure fair hearing.

(3) There power conferred on the arbitral tribunal under subsection (2) of this section, shall include the power to determine admissibly, relevance, materiality and weight of any evidence placed before it.

**16.** (1) Unless otherwise agreed by the parties, the place of the arbitral proceedings shall be determined by the arbitral tribunal having regard to the circumstances of the case, including the convenience of the parties.

(2) Notwithstanding the provisions of subsection (1) of this section and unless otherwise agreed by the parties, the arbitral tribunal may meet at any place it considers appropriate for consultation among its members, for hearing witnesses, experts or the parties, or for the inspection of documents, goods or other property.

**17.** Unless otherwise agreed by the parties, the arbitral proceedings in respect of a particular dispute shall commence on the date the request to refer the dispute to arbitration is received by the other party.

**18.** (1) The parties may by agreement determine the language or languages to be used in the arbitral proceedings, but where they do not do so, the arbitral tribunal shall determine the language or languages to be used bearing in mind the relevant circumstances of the case.

(2) Any language or languages agreed upon by the parties or determined by the arbitral tribunal under subsection (1) of this section, shall, unless, a contrary intention is expressed by the parties or the arbitral tribunal, be the language or languages to be used in any written statement by the parties, in any hearing, award, decision or any other communication in the course of the arbitration.

(3) The arbitral tribunal may order that any documentary evidence shall be accompanied by a translation into the language or languages agreed upon by the parties or determined by the arbitral tribunal under subsection (1) of this section

**19.** (1) The claimant shall, within the period agreed upon by the parties or determined by the arbitral tribunal, state the facts supporting his points of claim, the points at issue and the relief at remedy sought by him, and the respondent shall state his point of defence in respect of those particulars, unless the parties have otherwise agreed on the required elements of the points of claim and of defence.

(2) The parties may submit with their statements under subsection (1) of this section, all the documents they consider to be relevant or they may add a reference to the documents, or other evidence they hope to submit at the arbitral proceedings.

(3) Unless otherwise agreed by the parties, a party may amend or supplement his claim or defence during his course of the arbitral proceedings if the arbitral tribunal considers it appropriate to allow such amendment or supplement having regard to the time that has elapsed before the making of the amendment or supplement.

**20.** (1) Subject to any contrary agreement by the parties, the arbitral tribunal shall decide whether the arbitral proceedings shall be conducted-

(a) by holding oral hearings for the presentation of evidence or oral arguments; or

(b) on the basis of document or other materials; or

(c) by both holding oral hearings and on the basis of documents or other materials as provided in paragraphs (a) and (b) of this subsection,

and unless the parties have agreed that no hearing shall be held, the arbitral tribunal shall hold such hearings at an appropriate stage of the proceedings if requested so to do by any of the parties

(2) The arbitral tribunal shall give to the parties sufficient advance notice of any hearing and of any meeting of the arbitral tribunal held for the purposes of inspection of document, goods, or other property.

(3) Every statement, document or other information supplied to the arbitral tribunal shall be communicated to the other party by the party supplying the statement, document or other information, and every such statement, document or other information supplied by the arbitral tribunal to one party shall be supplied to the other party.

(4) Any expert report or evidentiary document on which the arbitral tribunal may rely in making its decision shall be communicated to the parties.

(5) The arbitral tribunal shall, unless otherwise agreed by the parties, have power to administer oaths to or take the affirmations of the parties and witnesses appearing.

(6) Any party to an arbitral proceedings may issue out a writ of *subpoena ad testificandum* or *subpoena duces tecum,* but no persons shall be compelled under any such writ to produce any document which he could not be compelled to produce on the trial of an action

**21.** Unless otherwise agreed by the parties, if, without showing sufficient cause-

(a) the claimant fails to state his claim as required under section 19(1) of this Act, the arbitral tribunal shall terminate the proceedings; or

(b) the respondent fails to state his defence as required under section 19(1) of this Act, the arbitral tribunal shall continue the proceedings without treating such failure in itself as an admission of the claimant's allegations; or

(c) any party fails to appear at a hearing or to produce documentary evidence, the arbitral tribunal may continue the proceedings and make an award

22. (1) Unless otherwise agreed by the parties, the arbitral tribunal may-

(a) appoint one or more experts to report to it on specific issues to be determined by the arbitral tribunal;

(b) require a party to give to the expert any relevant information or to produce or provide access to, any documents, goods or other property for inspection.

(2) Unless otherwise agreed by the parties, if a party so request or if the arbitral tribunal considers it necessary, any expert appointed under subsection (1) of this section shall, after delivering his written or oral report, participate in a hearing where the parties shall have the opportunity of putting questions to him and presenting expert witnesses to testify on their behalf on the point at issue.

(3) The arbitral tribunal shall not decide *ex aequo et bono* or as amiable compositeur unless the parties have expressly authorised it to do so.

(4) The arbitral tribunal shall decide in accordance with the terms of the contract and shall take account of the usages of the trade application to the transaction.

**23.** (1) The court or the judge may order that writ of *subpoena ad testificandum* or *of subpoena duces tecum* shall issue to compel the attendance before any arbitral tribunal of a witness wherever he may be within Nigeria.

(2) The court or a judge may also order a writ of *habeas corpus ad testificandum* shall issue to bring up a prisoner for examination before any arbitral tribunal.

(3) The provisions of any written law relating to the services of an execution outside a State of the Federation of any such *subpoena* or order for the production of a prisoner issued or made in civil proceedings by the High Court shall apply in relation to a *subpoena* or other issue or made under this section.

### *Making an Award and Termination of Proceedings*

**24.** (1) In an arbitral tribunal compromising more than one arbitrator, any decision of the tribunal shall, unless otherwise agreed by the parties, be made by a majority of all its members.

(2) In any arbitral tribunal, the presiding arbitrator may, if so authorised by the parties or all the members of the arbitral tribunal, decide questions relating to the procedure to be followed at the arbitral proceeding.

**25.** (1) If, during the arbitral proceedings, the parties settle the dispute, the arbitral tribunal shall terminate the arbitral proceedings, and shall, if requested by the parties and not objected to by the arbitral tribunal, the settlement in the form of an arbitral award on agreed terms.

(2) an award on agreed terms recorded under subsection (1) of this section shall-

*(a)* be in accordance with the provisions of subsection 26 of this Act and state that it is such an award; and

*(b)* have the same status and effect as any other award on the merits of case.

**26**. (1) any award made by the arbitral tribunal shall be in writing and signed by the arbitrator or arbitrators.

(2) where the arbitral tribunal comprises of more than one arbitrator, the signatures of a majority of all the members of the arbitral tribunal shall suffice if the reason for the absence of any signature is stated.

(3) the arbitral tribunal shall state on the award-

*(a)* the reasons upon which it is based, unless the parties have agreed that no reason are to be given or the award is an award on agreed terms under section 25 of this Act;

*(b)* the date it was made; and

*(c)* the place of the arbitration as agreed or determined under section 16(1) of this Act which place shall be deemed to be the place where the award was made.

(4) A copy of the award, made and signed by the arbitrators in accordance with and signed by the arbitrators in accordance with subsection (1) and (2) of this section, shall be delivered to each party.

**27.** (1) The arbitral proceedings shall terminate when the final award is made or when an order of the arbitral is issue under subsection (2) of this section.

(2) The arbitral tribunal shall issue an order for the termination of the arbitral proceedings when-

*(a)* the claimant withdraws his claim, unless the respondent objects thereto and arbitral tribunal recognises a legitimate interest on his part in obtaining a final settlement of the dispute; or

*(b)* the parties agree on the termination of the arbitral proceedings; or

*(c)* the arbitral tribunal finds that continuation of the arbitral proceeding has for any reason become unnecessary or Impossible.

(3) Subject to the provisions of section 28 and 29(2) of this Act, the mandate of the arbitral tribunal shall cease on termination of the arbitral proceedings.

**28**. (1) Unless another period has been agreed upon by the parties, a party may, within thirty days of the receipt of an award and with notice to the other party, request the arbitral tribunal-

*(a)* to correct in the award any errors in computation, any clerical or typographical errors or any errors of a similar nature;

*(b)* to give an interpretation of a specific point or part of the award.

(2) If the arbitral tribunal considers any request made under subsection (1) of this section to be justified, it shall, within thirty days of receipt of the request, make the correction or give the interpretation and such correction or interpretation shall form part of the award.

(3) The arbitral tribunal may, on its own volition and within thirty days from the date of the award, correct any error of the type referred to in subsection (1)(a) of this section.

(4) Unless otherwise agreed by the parties, a party may within thirty days of receipt if the award, request the arbitral tribunal to make an additional award as to the claims presented in the arbitral proceedings but omitted from the award.

(5) If the arbitral tribunal considers any request made under subsection (4) of this section to be justified, it shall, within sixty days of the receipt of the request, make the additional award.

(6) The arbitral tribunal may, if it considers necessary, extent the time limit within which it shall make a correction, give an interpretation or make an additional award under subsection (2) or (5) of this section.

(7) This provision of this section 26 of this Act, which relate to the form and contents of an award, shall apply to any correction or interpretation or to an additional award made under this section.

### *Recourse Against Award*

**29**. (1) A party who is aggrieved by an arbitral award may within three months-

*(a)* from the date of the award; or

*(b)* in a case falling within section 28 of this Act, from the date of the request for additional award is disposed of by the arbitral tribunal,

by way of an application for setting aside, request the court to set aside the award in accordance with subsection (2) of this section.

(2) The court may set aside an arbitral award if the party making the application furnishes proof that the award contains decisions on maters which are beyond the scope of submission to arbitration so however that if the

decisions on matters submitted to arbitration can be separated from those not submitted, only that part of the award which contains decisions on matters not submitted may be set aside.

(3) the court before which an application is brought under subsection (1) of this section may, at the request of a party where appropriate, suspend proceedings for such period as it may determine to afford the arbitral tribunal an opportunity to resume the arbitral proceedings or take such other action to eliminate the grounds for setting aside of the award.

**30**. (1) Where an arbitrator has misconduct himself, or where the arbitral proceedings, or award, has been improperly procured, the court may on application of a party set aside the award.

(2) An arbitrator who has misconducted himself may on the application of any party be removed by the court. Recognition and Enforcement of Awards

**31.** (1) An arbitral award shall be recognised as binding and subject to this section 32 of this Act, shall, upon application in writing to the court, be enforced by the court.

(2) The party relying on an award or applying for its enforcement shall supply-

*(a)* the duly authenticated original award or duly certified copy thereof;

*(b)* the original arbitration agreement or a duly certified copy thereof.

(3) An award may, by leave of the court or a judge, be enforced in the same manner as a judgement or order to the same effect.

**32.** Any of the parties to an arbitration agreement may request the court to refuse recognition or enforcement of the award. General

**33.** A party who knows-

*(a)* that any provision of this Act from which the parties may not derogate; or

*(b)* that any requirement under the arbitration agreement, has not been complied with and yet proceeds with the arbitration without stating his objection to non-compliance within the time limit provided therefore shall be deemed to have waived his right to object to the non-compliance.

**34**. A court shall not intervene in any matter governed by this Act except where so provided in this Act.

**35.** This Act shall not affect any other law by virtue of which certain disputes-

*(a)* may not be submitted to arbitration; or

*(b)* may be submitted to arbitration only in accordance with the provisions of that or another law.

**36.** Notwithstanding the provisions of this Act the arbitral tribunal may, if it considers it necessary, extend the time specified for the performance of any act under this Act.

**Part II**

**Conciliation**

**37**. Notwithstanding the other provisions of this Act, the parties to any agreement may seek amicable settlement of any dispute in relation to the agreement by conciliation under the provisions of this part of this Act.

**38**. (1) A party who wishes to initiate conciliation shall send to the other party a written request to conciliate under the provisions of this Part of this Act.

(2) Any request sent under subsection (10 of this section shall contain a brief statement setting out the subject of the dispute.

**39**. The conciliation proceedings shall commence on the date the request to conciliate is accepted by the subject of the dispute.

**40**. Where the request to conciliate under section 38 of this Act has been accepted, the parties shall refer the dispute to a conciliation body consisting of one or three conciliators to be appointed-

*(a)* in the case of one conciliator, jointly by the parties;

*(b)* in the case of three conciliators-

(i) one conciliator by each party, and

(ii) the third conciliator jointly by the parties.

**41**. (1) The conciliation body shall acquaint itself with the details of the case and procure such other information it may require for the purpose of settling the dispute.

(2) The parties may appear in person before the conciliation body and may have legal representation.

**42.** (1) After the conciliation body has examined the case and heard the parties, if necessary, it shall submit its terms of settlement to the parties.

(2) If the parties agree to the term of settlement submitted under subsection (1) of this section, the conciliation body shall draw up and sign a record of settlement.

(3) If the parties do not agree to the terms of settlement submitted under subsection (1) of this section, they may-

*(a)* submit the dispute to arbitration in accordance with any agreement between them; or

*(b)* take any action in court as they may deem fit.

(4) Nothing done in connection with the conciliation proceedings shall affect the legal rights of the parties in any submission to arbitration or any action taken under subsection (3) of this section.


**Part III**

ADDITIONAL PROVISIONS RELATING
TO INTERNATIONAL COMMERCIAL ARBITRATION
AND CONCILIATION

*Application of this Part of this Act and Composition*
*of Arbitral Tribunal, etc.*

**43.** The provision of this Part of this Act shall apply solely to cases relating to international commercial arbitration and conciliation in addition to the other provisions of this Act.

**44.** (1) If a sole arbitrator is to be appointed, either party may propose to the other the names of one or more persons, one of whom will serve as the sole arbitrator.

(2) If within thirty days after receipt by a party of a proposal made in accordance with subsection (1) of this section the parties have not reached agreement on the choice of a sole arbitrator shall be appointed by the appointing authority.

(3) The appointing authority shall, at the request of one of the parties appoint the sole arbitrator as promptly as possible; and in making the appointment the appointing authority shall use the following list procedure, unless both parties agree that the list-procedure, unless both parties agree that the list procedure should not be used or unless the appointing authority determines in its discretion that the use of the list procedure is not appropriate for the case, that is-

*(a)* at the request of one of the parties the appointing authority shall communicate to both parties an identical list containing at least three names;

*(b)* within fifteen days after the receipt of the said list, each party may return the list to the appointing authority after having deleted the name or names to which he objects and numbered the remaining names on the list in the order of his preferences;

*(c)* after the expiration of the above named period of time the appointing authority shall appoint the sole arbitrator from among the names approved on the list returned to it and in accordance with the order of preference indicated by the parties.

(4) In making the appointment, the appointing authority shall have regard to such consideration as are likely to secure the appointment of an independent and impartial arbitrator and shall take into account as well as the advisability of appointing an arbitrator of a nationality other than the nationalities of the parties.

(5) If three arbitrators are to be appointed, each party shall appoint one arbitrator; and the two arbitrators thus appointed shall choose the third arbitrator who shall act as the presiding arbitrator of the arbitral tribunal.

(6) If within thirty days after the receipt of a party's notification of the appointment of an arbitrator the other party has not notified the other party of the arbitrator he has appointed the first party may request the appointing authority previously designated by the parties to appoint the second arbitrator.

(7) If within thirty days after the appointment of a second arbitrator the two arbitrators have not agreed on the choice of the presiding arbitrator, the presiding arbitrator shall be appointed by the appointing authority in the same way as a sole arbitrator would be appointed under subsection (1) to (4) of this section.

(8) When the appointing authority is required to appoint an arbitrator pursuant to the provisions of this section, the party which makes the request shall send to the appointing authority a copy of the notice of arbitration, a copy of the out of or in relation to which the dispute has arisen and a copy of the arbitration agreement if it is not contained in the contract, and the appointing authority may require from either party such information as it deems necessary to fulfil its functions under this Act.

(9) Where the names of one or more persons are proposed for appointment as arbitrators, their full names, addresses and nationalities shall be indicated, together with a description of their qualifications.

(10) Except as otherwise agreed by the parties, no person shall be disqualified from being appointed by reason of his nationality.

**45.** (1) A prospective arbitrator shall disclose to those who approach him in connection with his possible appointment and circumstances likely to give rise to justifiable doubt as to his impartiality or independence.

(2) An arbitrator, once appointed or chosen, shall disclose such circumstances as referred to in subsection (1) of this section to the parties unless they have already been informed by him of those circumstances.

(3) Any arbitrator may be challenged if circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence.

(4) A party may challenge the arbitrator appointed by him only for reasons of which he becomes aware after the appointment has been made.

(5) A party who intends to challenge an arbitrator shall send notice of his challenge within fifteen days after the appointment of the challenged arbitrator has been notified to the challenging party or within fifteen days after circumstances mentioned in subsection (1) to (4) of this section become known to that party.

(6) The challenge shall be notified to the other party, to the arbitrator who is challenged and to the other members of the arbitral tribunal and the notification shall be in writing and shall state the reason for the challenge.

(7) When an arbitrator has been challenged by one party, the other party may agree to the challenge and the challenged arbitrator may also, after the challenge, withdraw from his office; but the fact that the other party agrees to the challenge or that the arbitrator withdraws does not imply acceptance of the validity of the grounds for the challenge.

(8) Where the other parties agree to the challenge or the challenged arbitrators withdraws, the procedure provided in section 44 of this Act shall be used in full for the appointment of the substitute arbitrator, even during the process of appointing the challenged arbitrator a party had failed to exercise to appoint or to participate in the appointment.

(9) If the other party does not agree to the challenge and the challenged arbitrator does not withdraw, the decision on the challenge shall be made-

*(a)* When the initial appointment was made by an appointing authority, by that authority;

*(b)* When the initial appointment was not made by an appointing authority,but an appointing authority has been previously designated, by the authority;

*(c)* In all other cases, by the appointing authority to be designated in accordance with the procedure for designating an appointing as provided for in section 44 of this Act.

(10) If the appointing authority sustains the challenge, a substitute arbitrator shall be appointed or chosen pursuant to the procedure applicable to the appointment or choice of an arbitrator as provided in section 44 of this Act and in this section except that, when the procedure would call for the designation of an appointing authority, the appointment of the arbitrator shall be made by the appointing authority which decided on the challenge.

**46.** (1) Where an arbitrator dies or resigns during the course of an arbitral proceeding, a substitute arbitrator shall be appointed or chosen pursuant to the procedure provided for in section 44 and 45 of this Act that was applicable to the appointment or choice of the arbitrator being replaced.

(2) Where an arbitrator fails to act or in the event of the *de jure* or *de facto* impossibility of his performing his functions, the procedure in respect of the challenge and replacement of an arbitrator as provided in section 44 and 45 of this Act shall apply.

### *Making of Awards and Termination of proceedings*

**47.** (1) the arbitral tribunal shall decide the dispute in accordance with the rules in force in the country whose laws the parties have chosen as applicable to the substance of the dispute .

(2) Any designation of the law or legal system of a country shall, unless otherwise expressed, be construed as directly referring to the substantive law of that country and not to its conflict of law rules.

(3) Where the laws of the country to be applied is not determined by the parties, the arbitral tribunal shall apply the law determined by the conflict of the law rules which it considers applicable.

(4) The arbitral tribunal shall not decide *ex aequo et bono* or as *amiable compositeur* unless the parties have expressly authorised it to do so.

(5) In all cases, the arbitral tribunal shall decide in accordance with the terms of the contract and shall take account of the usages of the trade applicable to the transaction.

(6) If the arbitration law of the country where the award is made requires that the award be filed or registered by the arbitral tribunal, the arbitral tribunal shall comply with this requirement within the period of time required by law.

**48.** The court may set aside an arbitral award-

*(a)* If the party making the application furnishes proof-

(i) that a party to the arbitration agreement was under some incapacity,

(ii) That the arbitration agreement is not valid under the law which the parties have indicated should be applied, or failing such indication, that the arbitration agreement is not valid under the laws of Nigeria,

(iii) That he was not given proper notice of the appointment of an arbitrator or of the arbitral proceedings or was otherwise not able to present his case, or

(iv) That the award deals with a dispute not contemplated by or not falling within the terms of the submission to arbitration, or

(v) That the award contains decisions on matters which are beyond the scope of submission to arbitration, so however that the if decisions on matters submitted to arbitration can be separated from those not submitted, only that part of the award which contains decision on matters not submitted to arbitration may be set aside, or

(vi) That the composition of the arbitral tribunal, or the arbitral procedure, was not in accordance with the agreement of the parties, unless such agreement was in conflict with a provision of this Act from which the parties cannot derogate, or

(vii) Where there is no agreement between the parties under subparagraph (vi) of this paragraph, that the composition of the arbitral tribunal or the arbitral procedure was not in accordance with this Act; or

*(b)* if the court finds-

(i) that the subject-matter of the dispute is not capable of settlement by arbitration under laws of Nigeria; or

(ii) that the award is against public policy of Nigeria.

**49.** (1) The arbitral tribunal shall fix costs of arbitration in its award and the term "cost" includes only-

*(a)* the fees of the arbitral tribunal to be stated separately as to each arbitrator and to be fixed by the tribunal itself;

*(b)* the travel and other expenses incurred by the arbitrators;

*(c)* the cost of expert advice and of other assistance required by the arbitral tribunal;

*(d)* the travel and other expenses of witnesses to the extent that such expenses are approved by the arbitral tribunal;

*(e)* the cost for legal representation and assistance of the successful party if such cost were claimed during the arbitral proceedings, and only to the extent that the arbitral tribunal determines that the amount of such cost is reasonable.

(2) The fees of the arbitral tribunal shall be reasonable in amount taken account the amount in dispute, the complexity of the subject-matter, the time spent by the arbitrators and any other relevant circumstances of the case.

(3) If an appointing authority has been agreed upon by the parties or designated by the Secretary-General of the Permanent Court of Arbitration at The Hague, and if that authority has issued a schedule of fees for arbitrators in international cases which it administers, the arbitral tribunal in fixing his fees shall take that schedule of fees into account to the extent that it considers appropriate in the circumstances of the case.

(4) If such appointing authority has not issued a schedule of fees for arbitrators in international cases, any party may at any time request the appointing authority to furnish a statement setting forth the basis for establishing fees which is customarily followed in international cases in which the authority appoints arbitrators; and if the appointing authority consents to provide such a statement, the arbitral tribunal in fixing its fees shall take such information into account to the extent that it considers appropriate in the circumstances of the case.

(5) In cases referred to in subsection (3) and (4) of this section when a party so requests and the appointing authority consents to perform the function, the arbitral tribunal shall fix its fees only after consultation with the appointing authority, which may make any comment it deems appropriate to the arbitral tribunal concerning the fees.

**50.** (1) The arbitral tribunal, on its establishment, may request each party to deposit an equal amount as an advance for the cost referred to in paragraph (a), (b) and (c) of this section 49(1) of this Act.

(2) During the course of the arbitral proceedings the arbitral tribunal may request supplementary deposits from the parties.

(3) If an appointing authority has been agreed upon by the parties or designated by the Secretary-General of the Permanent Court of Arbitration at The Hague, and when a party so requests and the authority consents to perform the function, the arbitral tribunal shall fix the amount of any deposits or supplementary deposits only after consultation with the appointing authority which may make any comments to the arbitral tribunal which it deems appropriate concerning the amount of such deposits and supplementary deposits.

(4) If the required deposits are not paid in full within thirty days after the receipt of the request, the arbitral tribunal shall so inform the parties in order that one or other of them may make the required payment; and if such payment is not made, the arbitral tribunal may order the suspension or termination of the arbitral proceedings.

(5) After award has been made, the arbitral tribunal shall render an account to the parties of the deposits received and return any unexpended balance to the parties

### *Recognition and Enforcement of Awards*

**51.** (1) An arbitral award shall, irrespective of the country in which it is made, be recognised as binding and subject to this section 32 of this Act, shall, upon application in writing to the court, be enforced by the court.

(2) The party relying on an award or applying for its enforcement shall supply

*(a)* the duly authenticated original award or a duly certified copy thereof;

*(b)* the original arbitration agreement or a duly certified copy thereof; and

*(c)* where the award or arbitration agreement is not made in the English language, a duly certified translation thereof into the English language.

**52.** (1) Any of the parties to an arbitration agreement may request the court to refuse recognition or enforcement of the award.

(2) The court where recognition or enforcement of an award is sought or where application for refusal of recognition or enforcement thereof is brought may, irrespective of the country in which the award is made, refuse to recognise or enforce any award-

*(a)* if the party against whom it is invoked furnishes the court proof-

(i) that a party to the arbitration agreement was under some incapacity, or

(ii) that the arbitration agreement is not valid under the law which the parties have indicated should be applied, or failing such indication, that the arbitration agreement is not valid under the law of the country where the award was made, or

(iii) that he was not given proper notice of the appointment of an arbitrator or of the arbitral proceedings or was otherwise not able to present his case, or

(iv) that the award deals with a dispute not contemplated by or not falling within the terms of the submission to arbitration, or

(v) that the award contains decisions on matters which are beyond the scope of submission to arbitration, so however that if the decision on matters submitted to arbitration can be separated from those not submitted, only that part of the award which contains decisions on maters submitted to arbitration may be recognised and enforced, or

(vi) that the composition of the arbitral tribunal, or the arbitral procedure, was not in accordance with the agreement of the parties, or

(vii) where there is no agreement within the parties under sub-paragraph, that the composition of the arbitral tribunal , or the arbitral procedure, was not in accordance with the law of the country where the arbitration took place, or

(viii) that the award has not yet become binding on the parties or has been set aside or suspended by a court in which, or under the law of which, the award was made; or

*(b)* if the court finds-

(i) that the subject-matter of the dispute is not capable of settlement by arbitration under the laws of Nigeria, or

(ii) that the recognition or enforcement of the award is against public policy of Nigeria.

(3) Where an application for the recognition of an award has been made to a court referred to in subsection (2)(a)(viii) of this section, the court before which the recognition or enforcement is sought may, if it considers it proper, postpone its decision and may on the application of the party claiming recognition or enforcement of the award, order the other party to provide appropriate security.

### *Application of Arbitration Rules set out in the First Schedule*

**53.** Notwithstanding the provisions of this Act, the parties to an international commercial agreement may agree in writing that disputes in relation to the agreement shall be referred to arbitration in accordance with the Arbitration Rules set out in the First Schedule to this Act, or the UNCITRAL Arbitration Rules or any other international arbitration rule acceptable to the parties.

### *Application of Convention on the recognition and Enforcement of Foreign Arbitral Awards*

54. (1) Without prejudice to section 51 and 52 of this Act, where the recognition and enforcement of any award arising out of an international commercial arbitration are sought, the Convention on the Recognition and Enforcement of Foreign Awards (hereafter referred to as "the Convention") set out in the Second Schedule to this Act shall apply to any award made in Nigeria or in any contracting state:

*(a)* provided that such contracting state has reciprocal legislation recognising the enforcement of arbitral awards made in Nigeria in accordance with the provisions of the Convention;

*(b)* that the Convention shall apply only to differences arising out of legal relationship which is contractual.

(2) in this part of this Act, " the appointing authority" means the Secretary-General of the Permanent Court of Arbitral at The Hague.

### *Conciliation*

**55.** Notwithstanding the provisions of this Act, the parties to an international commercial agreement may agree in writing that disputes in relation to the agreement shall be settled by Conciliation Rules set out in the Third Schedule to this Act.

PART IV
MISCELLANEOUS

**56.** (1) Unless otherwise agreed by the parties, any communication sent under or pursuant to this Act shall be deemed to have been received-

*(a)* When it is delivered to the addressee personally or when it is delivered to his place of business, habitual residence or mailing address; or

*(b)* Where a communication cannot be delivered under paragraph (a) of this subsection, when it is sent to the addressee's last known place of business, habitual residence or mailing address by registered letter or any other means which provides a record of the attempt to deliver it .

(2) A communication shall be deemed to have been received on the day it is delivered under subsection (1) of this section.

(3) The provisions of this section shall not apply to communications in court proceedings.

**57.** (1) In this Act, unless the context otherwise requires-

"arbitral tribunal" means a sole arbitrator or a panel of arbitrators;

"arbitration" means a commercial arbitration whether or not administered by a permanent arbitral institution;

"commercial" means all relationships of a commercial nature including any trade transaction for the supply or exchange of goods or services, distribution agreement, commercial representation or agency, factoring, leasing, construction of works, constructing, engineering licensing, investment, financing, banking, insurance, exploitation, agreement or concession, joint venture and other forms of industrial or business co-operation, carriage of goods or passengers by air, sea, rail, or road;

"court" means the High Court of a State, the High Court of a Federal Capital Territory, Abuja or the Federal High Court;

"Judge" means a Judge of the High Court of a State, the High Court of the Federal Capital Territory, Abuja or the Federal High Court;

"party" means a party to the arbitration agreement or to conciliation or any person claiming through or under him and

"parties" shall be construed accordingly.

(2) An arbitration is international if –

*(a)* the parties to an arbitration agreement have, at the time of the conclusion of the agreement, their places of business in different countries; or

*(b)* one of the following places is situated outside the country in which the parties have their places of business-

(i) the place of arbitration if such place is determined in, or pursuant to the arbitration agreement,

(ii) any place where a substantial part of the obligation of the commercial relationship is to be performed or the place with which the subject-matter of the dispute is mist closely connected; or

*(c)* the parties have expressly agreed that the subject matter of the arbitration agreement relates to more than one country; or

*(d)* the parties, despite the nature of the contract, expressly agree that any dispute arising from the commercial transaction shall be treated as an international arbitration.

(3) For the purposes of subsection (2) of this section-

*(a)* if a party has more than one place of business, the place of business shall be that which has the closest relationship to the arbitration agreement;

*(b)* if a party does not have a place of business, reference shall be made to his habitual residence.

(4) Where a provision of this Act, other than section 47 of this Act, leaves the parties free to determine a certain issue, such freedom include the right of the parties to authorise a third party, including an institution, to make that determination.

(5) Where a provision of this Act-

*(a)* refers to the fact that parties have agreed or that they may agree; or

*(b)* in any other way refers to an agreement of the parties, such agreement includes any arbitration rules referred to In the agreement.

(6) Where a provision of this Act, other than section 21(a) or 27(2)(a) refers to a claim, such claim includes a counter-claim, and where it refers to a defence, such defence includes a defence to such counter-claim.

**58.** This Act may be cited as the Arbitration and Conciliation Act and shall apply throughout the Federation

## Schedules

### First Schedule

## Arbitration Rules

### Section 1
### Introductory Rules

### Scope of Application

*Article 1*
**1. These Rules shall govern any arbitration proceedings except that where any of these Rules is in conflict with a provision of this Act, the provision of this Act shall prevail.**

### NOTICE, CALCULATION OF PERIODS OF TIME
*Article 2*

1. For the purpose of these Rules, any notice, including a notification, communication or proposal, is deemed to have been received if it is physically delivered to the addressee or if it is delivered at his habitual residence, place of business or mailing address, or, if none of these can be found after making reasonable inquiry, then at the addressee's last known residence or place of business. Notice shall be deemed to have been received on the day it is so delivered.

**2.** For the purposes of calculating a period of time under Rules, such period shall begin to run on the day following the day when a notice, notification, communication or proposal is received. If the last day of such period is an official holiday or a non-business day at the residence or place of business of the addressee, the period is extended until the first business day which follows. Official days or non-business days occurring during the running of the period of time are included in calculating the period.

# NOTICE OF ARBITRATION

### *Article 3*

*1. The party initiating recourse to arbitration (hereinafter called the "claimant") shall give to the other party (hereinafter called the "respondent") a notice of arbitration.*

*2. Arbitral proceedings shall be deemed to commence on the date on which the notice of arbitration is received by the respondent.*

*3. The notice of arbitration shall include the following:*

*(a) a demand that the dispute be referred to arbitration*

*(b) the names and addresses of the parties;*

*(c) a reference to the arbitration clause or the separate arbitration agreement that is invoked;*

*(d) a reference tot the contract out of or in relation to which the dispute arises;*

*(e) the general nature of the claim and an indication of the amount involved, if any;*

*(f) the relief or remedy sought;*

*(g) a proposal as to the number of arbitrators (i.e. one or three), if the parties have not previously agreed thereon.*

*4. The Notice of Arbitration may also include:*

*(a) the proposals for the appointment of a sole arbitrator;*

*(b) the notification of the appointment of an arbitrator referred to in Article 7;*

*(c) the statement of claim referred to in Article 18.*

## *REPRESENTATION AND ASSISTANCE*

### *Article 4*

*The parties may be represented or assisted by legal practitioners of their choice. The names and addresses of such legal practitioners must be communicated in writing to the other party; such communication must specify whether the appointment is being made for purposes of representation or assistance.*

## *SECTION 11- COMPOSITION OF THE ARBITRAL TRIBUNAL*

### *NUMBERS OF ARBITRATORS*

### *Article 5*

*If the parties have not previously agreed on the number of arbitrators (i.e. one or three), and if within fifteen days after the receipt by the respondent of the notice of arbitration the parties have not agreed that there shall be only one arbitrator, three arbitrators shall be appointed.*

*APPOINTMENT OF ARBITRATORS (ARTICLES 6 TO 8)*

*Article 6*

*1. If a sole arbitrator is to be appointed, either party may propose to the other the names of one or more persons, one of whom would serve as the sole arbitrator.*

*2. If within thirty days after receipt by a party of a proposal made in accordance with paragraph 1, the parties have not reached agreement on the choice of a sole arbitrator, the sole arbitrator shall be appointed by the court.*

*3. The court shall, at the request of one of the parties appoint the sole arbitrator as promptly as possible; and in making the appointment the court shall use the following list-procedure, unless both parties agree that the list-procedure should not be used or unless the court determines in its discretion that the use of the list-procedure is not appropriate for the case:*

*(a) at the request of one of the parties the court shall communicate to both parties an identical list containing at least three names;*

*(b) within fifteen days after the receipt of this list, each party may return the list to the court after having deleted the name or names to which he objects and numbered the remaining names on the list in the order of preference;*

*(c) after the expiration of the above period of time the court shall appoint the sole arbitrator from among the names approved on the lists return to it and in accordance with the order of preference indicated by the parties;*

*(d) if for any reason the appointment cannot be made according to this procedure, the court may exercise its discretion in appointing the sole arbitrator.*

*4. In making the appointment, the court shall have regard to such considerations as are likely to secure the appointment of an independent and impartial arbitrator and shall take into account as well the advisability of appointing an arbitrator of a nationality other than the nationalities of the parties.*

***Article 7***

*1. If three arbitrators are to be appointed, each party shall appoint one arbitrator; and the two arbitrators thus appointed shall chose the third arbitrator who will act as the presiding arbitrator of the tribunal.*

*2. If within thirty days after the receipt of a party's notification of the appointment of an arbitrator the other party has not notified the first party of the arbitrator he has appointed the first party may request the court to appoint the second arbitrator.*

*3. If within thirty days after the appointment of the second arbitrator the two arbitrators have not agreed on the choice of the presiding arbitrator, the presiding arbitrator shall be appointed by the court in the same way as a sole arbitrator would be appointed under Article 6.*

*Article 8*

1. When a court is requested to appoint an arbitrator pursuant to Article 6 or Article 7, the party which makes the request shall send to the court an affidavit together with a copy of the notice of arbitration, a copy of the contract out of or in relation to which the dispute has arisen and a copy of the arbitration agreement if it is not contained in the contract. The court may require from either party such information as it deems necessary to fulfil its functions.
2. Where the names of one or more persons are proposed for appointment as arbitrators, their full names and addresses shall be indicated, together with a description of their qualification.

*CHALLENGE OF ARBITRATORS (ARTICLE 9 TO 12)*

*Article 9*

A prospective arbitrator shall disclose to those who approach him in connection with his possible appointment any circumstances likely to give rise to justifiable doubts as to his impartiality or independence. An arbitrator, once appointed or chosen, shall disclose their circumstances to the parties unless they have already been informed by him of these circumstances.

*Article 10*

1. Any arbitrator may be challenged if circumstances exist that give rise to justifiable doubts as to the arbitrators impartiality or independence.
2. A party may challenge the arbitrator appointed by him only for reasons of which he becomes aware after the appointment has been made.

*Article 11*

1. A party who tends to challenge an arbitrator shall send notice of his challenge within fifteen days after the appointment of the challenged arbitrator has been notified to the challenging party or within fifteen days after the circumstances mentioned in article 9 and 10 became known to that party.

2. The challenge shall be notified to the other party, to the arbitrator who is challenged and to the other members of the arbitral tribunal. The notification shall be in writing and shall state the reason for the challenge.

3. When an arbitrator has been challenged by one party, the other party may agree to the challenge, withdraw from his office. In neither case does this imply acceptance of the validity of the grounds for the challenge. In both cases the procedure provided in Article 6 or 7 shall be used in full for the appointment of the substitute arbitrator, even if during the process of appointing the challenged arbitrator a party had failed to exercise his right to appoint or to participate in the appointment.

*Article 12*

1. If the other party does not agree to the challenge and the challenged arbitrator does not withdraw, the decision on the challenge will be made-

(a) when the initial appointment was made by the court, by the court;

(b) when the initial appointment was not made by court, but an appointment authority has been previously designated, by that authority;

*(c) in all other cases, by the court as provided for in Article 6.*

*1. If the court sustains the challenge, a substitute arbitrator shall be appointed or chosen pursuant to the procedure applicable to the appointment or choice of an arbitrator as provided in Articles 6 to 8 except that, when this procedure would call for appointment by the court, the appointment of the arbitrator shall be made by the court which decided on the challenge.*

### REPLACEMENT OF AN ARBITRATOR

#### Article 13

*1. In the event of the death or resignation of an arbitrator during the course of the arbitral proceedings, a substitute arbitrator shall be appointed or chosen pursuant to the procedure provided for in Articles 6 to 8 that was applicable to the appointment or choice of the arbitrator being replaced*
*2. In the event that an arbitrator fails to act or in the event of de jure or de facto impossibility of his performing his functions, the procedure in respect of the challenge and replacement of an arbitrator as provided in the proceeding articles shall apply.*

### REPETITION OF HEARINGS IN THE EVENT
### OF THE REPLACEMENT OF AN ARBITRATOR

#### Article 14

*If under articles 11 and 13 the sole or presiding arbitrator is replaced, any hearings held previously shall be repeated at the discretion of the arbitral tribunal.*

### SECTION 111- ARBITRAL PROCEEDINGS

### GENERAL PROVISIONS

#### Article 15

*1. Subject to these Rules, the arbitral tribunal may conduct the arbitration in such manner as it considers appropriate, provided that the parties are treated with equality and that at any stage of the proceedings each party is given a full opportunity of presenting his case.*

*2. If either party so requests at any stage of the proceedings, the arbitral tribunal shall hold hearings for the presentation of evidence by witnesses, including expert witnesses, or for oral argument. In the absence of such a request, the arbitral tribunal shall decide whether to hold such hearing or whether the proceedings shall be conducted on the basis documents and other materials.*

*3. All documents or information supplied to the arbitral tribunal by one party shall at the same time be communicated by the party to the other party.*

### PLACE OF ARBITRATION

#### Article 16

*1. Unless the parties have agreed upon the place where the arbitration is to be held, such place shall be determined by the arbitral tribunal, having regard to the circumstances of the arbitration.*

*2. The arbitral tribunal may determine the locale of the arbitration within the place agreed upon by the parties. It may hear witnesses and hold meeting for consultation among its members at any place it deems appropriate, having regard to the circumstances of the arbitration.*

*3. The arbitral tribunal may meet at any place it deems appropriate for the inspection of goods, other property or document. The parties shall give sufficient notice to enable them to be present at such inspection.*

*LANGUAGE*

*Article 17*

*1. Subject to an agreement by the parties, the arbitral tribunal shall, promptly after its appointment, determine the language or languages to be used in the proceedings. This determination shall apply to the statement of claim, the statement of defence, and any further written statements and, if oral hearings take place to the language or languages to be used at such hearing.*
*2. The arbitral tribunal may order that any document annexed to the statement of claim or statement of defence, and any supplementary statement documents or exhibits submitted in the course of the proceedings, delivered in their original language, shall be accompanied by a translation into the language or languages agreed upon by the parties or determined by the arbitral tribunal.*

*STATEMENT OF CLAIM*

*Article 18*

*1. Unless the statement of claim was contained in the notice of the arbitration, within a period of time to be determined by the arbitral tribunal, the claimant shall communicate his statement of claim in writing to the respondent and to each of the arbitrators. A copy of the contract, and the arbitration agreement if not contained in the contract, shall be annexed thereto.*

*2. The statement of claim shall include the following particulars:*

*(a) the names and addresses of the parties*

*(b) a statement of the facts supporting the claim;*

*(c) the point at issue;*

*(d) the relief or remedy sought.*

*3. The claimant may annex to his statement of claim all documents he deems relevant or may add a reference to the documents or other evidence he will submit.*

*STATEMENT OF DEFENCE*

*Article 19*

*1. Within a period of time to be determined by the arbitral tribunal, the respondent shall communicate his statement of defence in writing to the claimant and to each of the arbitrators.*

*2. The statement of defence shall reply to the particular (b), (c) and (d) of the statement of claim (Article 18, paragraph 2). The respondent may annex to his statement the documents on which he relies for his defence or may add a reference to the documents or other evidence he will submit.*

*3. In his statement of defence, or at a later stage in the arbitral proceedings if the arbitral tribunal decide that the delay was justified under the circumstances, the respondent may make a counter-claim arising out of the same contract or rely on a claim arising out of the same contract for the purpose of a set-off.*

*4. The provisions of Article 18, paragraph 2, shall apply to a counter-claim and a claim relied on for the purpose of a set-off.*

### AMENDMENTS TO THE CLAIM OR DEFENCE

#### Article 20

*During the course of the arbitral proceedings either party may amend or supplement his claim or defence unless the arbitral tribunal considers it inappropriate to allow such amendment having regard to the delay in making it or prejudice to the other party or any other circumstances. However, a claim not be amended in such a manner that the amended claim falls outside the scope of the arbitration clause or separate arbitration agreement.*

### PLEAS AS TO THE JURISDICTION OF THE ARBITRAL TRIBUNAL

#### Article 21

*1. The arbitral tribunal shall have the power to rule on objections that it has no jurisdiction, including any objections with respect to the existence or validity of the arbitration clause or of separate arbitration agreement.*

*2. The arbitral tribunal shall have the power to determine the existence or the validity of the contract of which an arbitration clause forms a part. For the purposes of this article, an arbitration clause which forms part of a contract and which provides for arbitration under these Rules shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitral tribunal that the contract is null and void shall not entail ipso jure the invalidity of the arbitration clause.*

*3. A plea that the arbitral tribunal does not have jurisdiction shall be raised not later than in the statement of defence or, with respect to a counter-claim, in the reply to the counter-claim.*

*4. In general, the arbitral tribunal should rule on a plea concerning its jurisdiction as a preliminary question. However, the arbitral tribunal may proceed with the arbitration and rule on such a plea in their final award.*

### FURTHER WRITTEN STATEMENTS

#### Article 22

*The arbitral tribunal shall decide which further written statements, in addition to the statement of claim and the statement of defence, shall be required from the parties or may be presented by them and fix the periods of time for communicating such statements.*

PERIODS OF TIME

*Article 23*

*The periods of time fixed by the arbitral tribunal for the communication of written statements (including the statement of claim and statement of defence) should not exceed forty-five days. However, the tribunal may extend the time limits if it concludes that extension is justified.*

EVIDENCE AND HEARINGS (ARTICLE 24 AND 25)

*Article 24*

*1. Each party shall have the burden of proving the facts relied on to support his claim or defence, and to the arbitral to the tribunal may, if it consider it appropriate, require a party to deliver to the tribunal and the 4other party within such a period of time as the arbitral shall decide, a summary of the documents and other evidence which that party intends to present in support of the facts in issue set out in his statement of claim or statement of defence.*
*2. At any time during the arbitral proceedings the arbitral tribunal may require the parties to produce documents, exhibits or other evidence within such a period of time as the arbitral tribunal shall determine.*

*Article 25*

*1. In the event of an oral hearing, the arbitral tribunal shall give the parties adequate advance notice of the date, time and place thereof.*

*2. If witnesses are to be heard, at least fifteen days before the hearing each party shall communicate to the arbitral tribunal and to the other party the names and addresses of the witnesses he intends to the present, the subject upon and the languages in which such witnesses will give their testimony.*

*3. The arbitral tribunal shall make arrangements for the translation of oral statement made at a hearing and for a record of the hearing of either is deemed necessary by the tribunal under the circumstances of the case, or if the parties have agreed thereto and have communicated such agreement to the tribunal at least fifteen days before the hearing.*

*4. Hearings shall be held in camera unless the parties agree otherwise. The arbitral tribunal may require the retirement of any witnesses or witnesses during the testimony of other witnesses. The arbitral tribunal is free to determine the manner in which witnesses are determined*

*5. Evidence of witnesses may also be presented in the form of written statements signed by them.*

*6. The arbitral tribunal shall determine the admissibly, relevance, materiality and weight of the evidence offered.*

INTERIM MEASURES OF PROTECTION

*Article 26*

*1. At the request of either party, the arbitral tribunal may take any interim measures it deems necessary in respect of the subject-matter of the dispute, including measures for the conservation of the goods forming the subject-matter in dispute, such as ordering their deposit with a third person or the sale of perishable goods.*

*2. Such interim measures may be established in the form of an interim award. The arbitral tribunal shall be entitled to require security for the cost of such measures.*

*3. A request for interim measures addressed by any party to court shall not be deemed incompatible with the agreement to arbitrate, or as a waiver of the agreement.*

## EXPERTS

### Article 27

*1. The arbitral tribunal may appoint one or more experts to report to it in writing, on specific issues to be determined by the tribunal. A copy of the expert's term of reference, established by the arbitral tribunal, shall be communicated to the parties.*

*2. The parties shall give the expert any relevant information or produce for his inspection any relevant documents or goods that he may require of them. Any dispute between a party and such expert as to the relevance of the required information or production shall be referred to the arbitral tribunal for decisions.*

*3. Upon a receipt of the expert's report the arbitral tribunal shall communicate a copy of the report to the parties who shall be given the opportunity to express, in writing, their opinion on the report. A party shall be entitled to examine any document on which the expert has relied on his report.*

*4. At the request of either party the expert, after delivering the report, may be heard at a hearing where the parties shall have the opportunity to be present and to interrogate the expert. At this hearing either parity may present expert witnesses in order to testify on the points at issue. The provisions of article 25 shall be applicable to such proceedings.*

## DEFAULT

### Article 28

*1. If, within the period of time fixed by the arbitral tribunal, the claimant has failed to communicate his claim without showing sufficient cause for such failure, the arbitral tribunal shall issue an order for the termination of the arbitral proceedings. If, within the period of time fixed by the arbitral tribunal, the respondent has failed to communicate his statement of defence without showing sufficient cause for such failure, the arbitral tribunal shall order that the proceedings continue.*

*2. If one of the parties duly notified under these Rules, fails to appear at a hearing, without showing sufficient cause for such failure, the arbitral tribunal may proceed with the arbitration.*

*3. If one of the parties, duly invited to produce documentary evidence, fails to do so within the established period of time, without showing sufficient cause for such failure, the arbitral tribunal may make the award on the evidence before it.*

## CLOSURE OF HEARINGS

### Article 29

*1. The arbitral tribunal may inquire of the parties if they have any further proof to offer or witnesses to be heard or submissions to make and, if there are none, it may declare the hearings closed.*
*2. The arbitral tribunal may, if it considers it necessary owing to exceptional circumstances, decide, on its own motion or upon application of a party, to re-open the hearings at any time before the award is made.*

*WAIVER OF RULES*

*Article 30*

*A party who knows that any provision of, or requirement under, these rules has not been complied with and yet proceeds with the arbitration without promptly stating his objection to such non-compliance, shall be deemed to have waived his right to object.*

*SECTION IV*
*THE AWARD/DECISIONS*

**Article 31**

*1. When there are three arbitrators, any award or other decision of the arbitral tribunal shall be made by a majority of the arbitrators.*

*2. In the case of questions for procedure, when there is no majority or when the arbitral tribunal so authorises, the presiding arbitrator may decide on his own, subject to revision, if any, by the arbitral tribunal.*

*FORM AND EFFECT OF THE AWARD*

**Article 32**

*1. In addition to making a final award, the arbitral tribunal shall be entitled to make interim, interlocutory, or partial awards.*

*2. The award shall be made in writing and shall be final and binding on the parties. The parties undertake to carry out the award without delay.*

*3. The arbitral tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons are to be given.*

*4. An award shall be signed by the arbitrators and it shall contain the date on which and the place where the award was made. Where there are three arbitrators and one of them fails to sign, the award shall state the reason for the absence of signature.*

*5. The award may be made public only with the consent of both parties.*

*6. Copies of the award signed by the arbitrators shall be communicated to the parties by the arbitral tribunal.*

*APPLICABLE LAW, AMIABLE COMPOSITEUR*

*Article 33*

*1. The arbitral tribunal shall apply the law designated by the parties as applicable to the substance of the dispute.*

*2. The arbitral tribunal shall decide as amiable compositeur or ex aequo et bono only if the parties have expressly authorised the arbitral tribunal to do so and if the law applicable to the arbitral procedure permits such arbitration.*

*3. In all cases, the arbitral tribunal shall decide in accordance with the terms of the contract and shall take into account the usage of the trade applicable to the transaction.*

## SETTLEMENT OR OTHER GROUNDS FOR TERMINATION

### Article 34

*1. If, before the award is made, the parties agree on a settlement of the dispute, the arbitral tribunal shall either issue an order for termination of the arbitral proceedings or, if requested by both parties and accepted by the tribunal, record the settlement in the form of an arbitral award on agreed terms. The arbitral tribunal is not obliged to give reasons for such an award.*

*2. If, before the award is made, the continuation of the arbitral proceedings becomes unnecessary or impossible for any reason not mentioned in paragraph 1, the arbitral tribunal shall inform the parties of its intention to issue an order for termination of the proceedings. The arbitral tribunal shall have the power to issue such an order unless a party raises justifiable ground for objection.*

*3. Copies of the order for termination of the arbitral proceedings or of the arbitral award on agreed terms, signed by the arbitrators, shall be communicated by the arbitral tribunal to the parties. Where the arbitral award on agreed terms is made, the provisions of Article 32, paragraph 2 and 4 to 6, shall apply.*

## INTERPRETATION OF AWARD

### Article 34

*1. Within thirty days after receipt of the award, either party, with notice to the other party, may request that the arbitral tribunal give an interpretation of the award.*
*2. The interpretation shall be given in writing within forty-five days after receipt of the request. The interpretation shall form part of the award and the provisions of Article 32, paragraph 2and 6, shall apply.*

## CORRECTION OF AWARD

### Article 36

*1. Within thirty days after receipt of award, either party, with notice to the other party, may request the arbitral tribunal to correct in the award any errors in computation, any clerical or typographical errors, or any errors of similar nature. The arbitral tribunal may within thirty days after the communication of the award make such corrections on its own initiative.*
*2. Such corrections shall be in writing, and the provisions of Article 32, paragraphs 2 and 6, shall apply.*

## ADDITIONAL AWARD

### Article 37

*1. Within thirty days after the receipt of the award, either party, with notice to the other party, may request the arbitral tribunal to make an additional award as to claims presented in the arbitral proceedings but omitted from the award.*

*2. If the arbitral tribunal considers the request of an additional award to be justified and considers that the omission can be rectified without any further hearings or evidence, it shall complete its award within sixty days after the receipt of the request.*

*3. When an additional award is made, the provisions of Article 32, paragraphs 2 to 6, shall apply.*

*COSTS (ARTICLES 38 TO 40)*

### *Article 38*

*The arbitral tribunal shall fix the cost of arbitration in its award.*

*The term "costs" includes only-*

*(a) the fees of the arbitration tribunal to be stated separately as to each arbitrator and to be fixed by the tribunal itself in accordance with Article 39;*

*(b) the travel and other expenses incurred by the arbitrators;*

*(c) the cost of expert advice and of other assistance required by the arbitral tribunal;*

*(d) the travel and other expenses of witnesses to the extent that such expenses are approved by the arbitral tribunal;*

*(e) the cost for legal representation and assistance of successful party if such cost were claimed during the arbitral proceedings, and only to the extent that the arbitral tribunal determines that the amount of such cost is reasonable.*

*Article 39*

*The fees of the arbitral tribunal shall be reasonable in amount, taking into account the amount in dispute, the complexity of the subject-matter, the time spent by the arbitrators and any other relevant circumstances of the case.*

### *Article 40*

*1. Except as provided in paragraph 2, the cost of arbitration shall in principle be borne by unsuccessful party. However, the arbitral tribunal may apportion each of such cost between the parties if it determines that apportionment is reasonable taking into account the circumstances of the case.*

*2. With respect to the cost of legal representation and assistance referred to in Article 38, paragraph (e), the arbitral tribunal, taking into account the circumstances of the case, shall be free to determine which party shall bear such costs or may apportion such costs between the parties if it determines that apportionment is reasonable.*

*3. When the arbitral tribunal issues an order for the termination of arbitral proceedings or makes an award on agreed terms it shall fix the cost of arbitration referred to in Article 38 and Article 39, in the text of that order or award.*

*4. No additional fees may be charged by an arbitral tribunal for interpretation or correction or completion of its award under Articles 35 to 37.*

*DEPOSIT OF COSTS*

### *Article 41*

*1. The arbitral tribunal, on its establishment, may request each party to deposit an equal amount as an advance for the cost referred to in Article 38, paragraphs, (a), (b) and (c).*

*2. During the course of the arbitral proceedings the arbitral tribunal may request supplementary deposits from the parties.*

*3. If the required deposits are not paid in full within thirty days after the receipt of the requests, the arbitral tribunal shall so inform the parties in order that one or another of them may make the required payment. If such payment is not made, the arbitral tribunal may order the suspension or termination of the arbitral proceedings.*

*4. After the award has been made, the arbitral tribunal shall render an account to the parties of the deposits received and return any unexpected balance to the parties.*

### *SECOND SCHEDULE*

*CONVENTION OF THE RECOGNITION AND ENFORCEMENT
OF FOREIGN ARBITRAL AWARDS JUNE 10, 1958*

### *Article 1*

*1. This convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such award are sought, arising out of difference between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.*

*2. The term "arbitration awards" shall include not only awards made by arbitrator, appointed for each case but also made by permanent arbitral bodies to which the parties have submitted.*

*3. When signing, ratifying or acceding to this Convention, or notifying extension under Article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships whether contractual or not, which are considered commercial under the national law of the State making such declaration.*

### *Article 11*

*1. Each Contracting State shall recognise an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.*

### *APPENDICES*

*2. The term "agreement in writing" shall include an arbitral clause in a contract or in an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.*

*3. The court of a contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.*

*Article 111*

*Each Contracting State shall recognise arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous conditions or higher fees or charges on the recognition enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards.*

*Article IV*

*1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of application supply:*

*(a) the duly authenticated original award or duly certified copy thereof;*

*(b) the original agreement referred to in Article 11 or a duly certified copy thereof*

*2. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these document into such language. The translation shall be certified by an official or sworn translator or by a diplomatic agent.*

*Article V*

*1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that-*

*(a) the parties to the agreement referred to in Article 11 were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or*

*(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or*

*(c) the award deals with a difference not contemplated by or not failing within the terms of the submission to arbitration, provided that, if the decision on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognised and enforcement; or*

*(d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or*

*(e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, the award was made.*

*2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that-*

*(a) the subject matter of the difference is not capable of settlement by arbitration under the law of that country; or*

*(b) the recognition or enforcement of the award would be contrary to the public policy of that country.*

### Article VI

*If an application for the setting aside or suspension of the award has been made to a competent authority referred to in Article V paragraph (1)(e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of award, order the party to give suitable security.*

### APPENDICES

### Article VII

*1. the provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.*

*2. The Geneva Protocol on Arbitration Clauses of 1923 and the Geneva Convention on the Execution of Foreign Arbitral Awards of 1927 shall cease to have effect between Contracting States on their becoming bound and to the extent that they become bound, by this Convention.*

### Article VIII

*1. This Convention shall be open until 31st December 1958 for signature on behalf of any Member of the United Nations and also on behalf of any other State which is or thereafter becomes a party to the Statute of the International Court of Justice, or any other state to which an invitation has been addressed by the General Assembly of the United Nations.*

*2. This Convention shall be ratified and the instrument of ratification shall be deposited with the Secretary-General of the United Nations.*

### Article IX

*1. This Convention shall be open for accession to all States referred to in Article VIII.*

*2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.*

*Article X*

*1. Any State may, at the time of signature, ratification or accession, declare that his convention shall extent to all or any of the territories for the international relations of which it is responsible. Such a declaration shall take effect when the Convention enters into force for the State concerned*

*2. At any time thereafter any such extension shall be made by notification addressed to the Secretary-General of the United Nations and shall take effect as from the ninetieth day after the day or receipt by the Secretary-General of the United Nations of this notification, or as from the date of entry into force of the Convention for the State concerned, whichever is the later.*

*3. With respect to those territories to which this Convention is not extended at the time of signature, ratification or accession, each State concerned shall consider the possibilities of taking the necessary steps in order to extend the application of this Convention to such territories, subject, where necessary for constitutional reasons, to the consent of the Governments of such territories.*

*Article XI*

*1. In the case of a federal or non-unitary state, the following provisions shall apply-*

*(a) with respect to those articles of this Convention that come within the legislative jurisdiction of the federal authority, the obligations of the federal Government shall to this extent be the same as those of Contracting States which are not federal States;*

*(b) with respect to those articles of this Convention that come within the legislative jurisdiction of the constituent states or provinces which are not, under the constitutional system of the federation, bound to take legislative action, the federal Government shall bring such articles with a favourable recommendation to the notice of the appropriate authorities of constituent states or provinces at the earliest possible moment;*

*(c) a federal State party to this Convention shall, at the request of any other Contracting State transmitted through the Secretary-General of the United Nations, supply a statement of the law and practice of the federation and its constituent units in regard to any particular provision of this Convention, showing the extent to which effect has been given to that provision by legislative or other action.*

*Article XII*

*1. This convention shall come into force on the ninetieth day following the date of deposit of the third instrument of ratification or accession.*

*2. For each State ratifying or acceding to this Convention after the deposit of the third instrument of ratification or accession, this Convention shall enter into force on the ninetieth day after deposit by such State of its instrument of ratification or accession.*

*APPENDICES*

*Article XIII*

**1.** *Any Contracting State may denounce this Convention by a written notification to the Secretary-General of the United Nations. Denunciation shall take effect one year after the date of receipt of the notification by the Secretary-General*

**2.** *Any State which has made a declaration or notification under Article X may, at any time thereafter, by notification to the Secretary-General of the United Nations, declare that this Convention shall cease to extend to the territory concerned one year after the date of receipt of the notification by the Secretary-General.*

*3. This Convention shall continue to be applicable to arbitral awards in respect of which recognition or enforcement proceedings have been instituted before the denunciation takes effect.*

*Article XIV*

*A contracting State shall not be entitled to avail itself of the Present Convention against other Contracting States except to the extent that it is itself bound to apply the Convention.*

**Article XV**

*The Secretary-General of the United Nations shall notify the States contemplated in Article VIII of the following-*

*(a) signature and ratifications in accordance with Article VIII;*

*(b) accessions in accordance with Article IX;*

*(c) declarations and notifications under Articles I, X and XI;*

*(d) the date upon which this Convention enters into force in accordance with Article XII;*

*(e) Denunciations and notifications in accordance with Article XIII.*

*Article XVI*

*1. This Convention, of which the Chinese, English, French, Russian, and Spanish texts should be equally authentic, shall be deposited in the archives of the United Nations.*

*2. The Secretary-General of the United Nations shall transmit a certified copy of this Convention to the States contemplated in Article VIII.*

*THIRD SCHEDULE*

*CONCILIATION RULES*

*APPLICATION OF THE RULES*

### Article 1

*(1) These Rules apply to conciliation of disputes arising out or relating to a contractual or other legal relationships where the parties seeking an amicable settlement of their dispute have agreed that the Conciliation Rules apply.*

*(2) The parties may agree to exclude or vary any of these Rules at any time.*

*(3) Where any of these Rules is in conflict with a provision of this Act any law from which the parties cannot derogate, that provision prevails.*

#### COMMENCEMENT OF CONCILIATION PROCEEDINGS

### Article 2

*(1) The party initiating conciliation sends to the other party a written invitation to conciliate under these Rules, briefly identifying the subject of the dispute.*

*(2) Conciliation proceedings commence when the other party accepts the invitation to conciliate. If the acceptance is made orally, it is advisable that it is confirmed in writing.*

*(3) If the other party rejects the invitation, there will be no conciliation proceedings.*

*(4) If the party initiating conciliation does not receive a reply within thirty days from the date on which he sends the invitation, or within such other period of time as specified in the invitation, he may elect to treat this as a rejection of the invitation to conciliate. If he so elects, he informs the other party accordingly.*

#### NUMBER OF CONCILIATION

### Article 3

*There shall be one conciliator unless the parties agree that there shall be two or three conciliators. Where there is more than one conciliator, they ought, as a general rule, to act jointly.*

#### APPOINTMENT OF CONCILIATOR

### Article 4

*(1) (a) In conciliation proceedings with one conciliator, the parties shall endeavour to reach agreement on the name of a sole conciliator;*

*(b) In conciliation proceedings with two conciliators, each party appoints one conciliator;*

*(c) In conciliation proceedings with three conciliators, each party appoints one conciliator. The parties shall endeavour to reach agreement on the name of the third conciliator.*

*(2) Parties may enlist the assistance of an appropriate institution or person in connection with the appointment of conciliators. In particular-*

*(a) a party may request such an institution or person to recommend the names of suitable individuals to act as conciliators; or*

*(b) the parties may agree that the appointment of one or more conciliator be made by such institution or person.*

*In recommending or appointing individuals to act as conciliators, the institution or person shall have regard to such considerations as are likely to secure the appointment of an independent and impartial conciliator.*

*SUBMISSION OF STATEMENT TO CONCILIATOR*

**Article 5**

*(1) The conciliator upon his appointment, request each party to submit to him a brief written statement describing the general nature of the dispute and the points at issue. Each party sends a copy of his syayement to the other party.*

*(2) The conciliator may request each party to submit to him a further written statement of his position and the facts and grounds in support thereof, supplemented by any documents and other evidence that such party deems appropriate. The party sends a copy of his statement to the other party.*

*(3) At any stage of the conciliation proceedings the conciliators may request aparty to submit to him such additional information as he deems appropriate.*

*REPRESENTATION AND ASSISTANCE*

**Article 6**

*The parties may be represented or assisted by persons of their choice. The names and addresses of such persons are to be communicated in writing to the other party and to the conciliator; such communication is to specify whether the appointment is made for purposes of representation or of assistance.*

*ROLE OF CONCILIATOR*

*Article 7*

*(1) The conciliator assists the parties in an independent and an impartial manner in their attempt to reach an amicable settlement of their dispute.*

*(2) The conciliator will be guided by principles of objectivity, fairness and justice, giving consideration to, among other things, the rights and obligations of the parties, the usages of trade concerned and the circumstances surrounding the dispute, including any previous business practices between the parties.*

*(3) The conciliator may conduct the conciliation proceedings in such a manner as he considers appropriate, taking into account the circumstances of the case, the wishes the party may express, including any request by a party that the conciliator hear oral statements, and the need for a speedy settlement of the dispute.*

*(4) The conciliator may, at any stage of the conciliation proceedings, make proposal for a settlement of the dispute. Such proposals need not be in writing and need not be accompanied by a statement of the reasons therefor.*

*ADMINISTRATIVE ASSISTANCE*

*Article 8*

*In order to facilitate the conduct of the conciliation proceedings, the parties, or the conciliator with the consent of the parties, may arrange for administrative assistance by suitable institution or person.*

*COMMUNICATION BETWEEN CONCILIATOR AND PARTIES*

**Article 9**

*(1) The conciliator may invite the parties to meet with him or may communicate with them orally or in writing. He may meet or communicate with the parties together or with each of them separately.*

*(2) Unless the parties have agreed upon the place where meetings with the conciliator are to be held, such place will be determined by the conciliator after consulting with the parties having regard to the circumstances of the conciliation proceedings.*

*DISCLOSURE OF INFORMATION*

*Article 10*

*When the conciliator receives factual information concerning the dispute from a party, he discloses the substances of that information to the other party in order that the other party may have the opportunity to present any explanation which he considers appropriate.*

*CO-OPERATION OF PARTIES WITH CONCILIATOR*

*Article 11*

*The parties will in good faith co-operate with the conciliator and, in particular, will endeavour to comply with request by the conciliator to submit written material, provide evidence and attend meetings.*

*SUGGESTIONS BY PARTIES FOR SETTLEMENT OF DISPUTE*

*Article 12*

*Each party may, on his own initiative of the conciliator, submit to the conciliator suggestions for the settlement of the dispute.*

*SETTLEMENT AGREEMENT*

*Article 13*

*(1) When it appears to the conciliator that there exist elements of a settlement, which would be acceptable to the parties, he formulates the terms of a possible settlement and submits them to the parties for their observation. After receiving the observations of the parties, the conciliator may reformulate the terms of a possible settlement in the light of such observations.*

*(2) If the parties reach agreement on a settlement of the dispute, they draw up and sign a written settlement agreement. If requested by the parties the conciliator draws up, or assists the parties in drawing up, the settlement agreement.*

*(3) The parties by signing the settlement agreement put an end to the dispute and are bound by the agreement.*

*CONFIDENTIALITY*

*Article 14*

*The conciliator and the parties must keep confidential all matters relating to the conciliation proceedings. Confidentiality extends also to the settlement agreement, except where its disclosure is necessary for purposes of implementation and enforcement.*

*TERMINATION OF CONCILIATION PROCEEDINGS*

*Article 15*

*The conciliation proceedings are terminated:*

*(a) by the signing of the settlement agreement by the parties, on the date of the agreement; or*

*(b) by a written declaration of the conciliator, after consultation with the parties, to the effect that further efforts at conciliation are no longer justified, on the date of the declaration; or*

*(c) by a written declaration of the parties addressed to the conciliator to the effect that the conciliation proceedings are terminated, on the date of the declaration; or*

*(d) by a written declaration of a party to the other and the conciliator, if appointed, to the effect that the conciliation proceedings are terminated on the date of the declaration.*

*RESORT TO ARBITRAL OR JUDICIAL PROCEEDINGS*

*Article 16*

*The parties undertake not to initiate during the conciliation proceedings, any arbitral or judicial proceedings in respect of a dispute that is the subject of the conciliation proceedings.*

*COSTS*

*Article 17*

*(1) Upon termination of the conciliation proceedings, the conciliator fixes the cost of the conciliation and gives written notice thereof to the parties.*

*The term "costs" include only:*

*(a) the fee of the conciliator which shall be a reasonable amount;*

*(b) the travel and other expenses of the conciliator;*

*(c) the travel and other expenses of witnesses requested by the conciliator with the consent of the parties;*

*(d) the cost of any assistance provided pursuant to Articles 4, paragraph 2(b), and 8 of these Rules.*

*(2) The costs, as defined above, are borne equally by the parties unless the settlement agreement provides for a different appointment. All other expenses incurred by a party are borne by the party.*

*(1) The conciliator, upon his appointment, may request each party to deposit an equal amount as an advance for the cost referred to in Article 17, paragraph (1) which he expects will be incurred.*

*(2) During the course of the conciliation proceedings the conciliator may request supplementary deposits, in an equal amount from each party.*

*(3) If the required deposits under paragraphs (1) and (2) of this Article are not paid in full by both parties within thirty days, the conciliator may suspend the proceedings or may make a written declaration of termination to the parties, effective on the date of that declaration.*

*(4) Upon termination of the conciliation proceedings, the conciliator renders an accounting to the parties of the deposits received and returns any unexpected balance to the parties.*

*ROLE OF CONCILIATOR IN OTHER PROCEEDINGS*

*Article 19*

*The parties and the conciliator undertake that the conciliator shall not act as an arbitrator or as a representative or counsel of a party in any arbitral or judicial proceedings in respect of a dispute that is the subject of the conciliation proceedings. The conciliator shall not be presented as a witness in any such proceedings.*

*ADMISSIBILITY OF EVIDENCE IN OTHER PROCEEDING*

*Article 20*

*The parties undertake not to rely on or introduce as evidence in arbitral or judicial proceedings, whether or not such proceedings relate to the dispute that is the subject of the conciliation proceedings:*

*(a)* *views expressed or suggestion made by the other party in respect of a possible settlement of the dispute;*

*(b)* *admissions made by the other party in the course of a conciliation proceedings;*

*(c)* *proposals made by the conciliator;*

*(d)* *the fact that the other party had indicated his willingness to accept a proposal for settlement made by the conciliator.*