UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER A. CHIEJINA, et al., <br><br> Petitioners, <br><br> vs. <br><br> FEDERAL REPUBLIC OF NIGERIA, <br><br> Respondent | No. 1:21-cv-02241-RJL |

**<u>PETITIONERS' MOTION FOR A RULE 16 CONFERENCE</u>**

The petitioners, Peter Chiejina and PICCOL Nigeria, Ltd., move that the Court schedule a Rule 16 conference. In support of this motion, the petitioners state as follows:

1. After the Court denied Nigeria's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction, Nigeria appealed to the DC Circuit.

2. The parties engaged in settlement discussions and sought and received extensions of the briefing schedule to allow the discussions to proceed. The parties 'joint motion for an extension of the schedule dated January 11, 2023, which the Court granted, is attached as Exhibit 1.

3. On April 17, 2023, after the principal briefs were filed, the parties jointly reported that they had reached a settlement in principle and requested an extension of time for the reply brief and the deferred appendix. The joint motion, which is attached as Exhibit 2, represented that the settlement required Nigerian government approval in order to be finalized. The Court granted the motion.

4. On May 23, 2023, the parties again jointly sought an extension of the briefing schedule, noting that "the approval process for the settlement agreement reached in principle

3709311_1

between the parties [was] ongoing." The Court granted the joint motion, which is attached as Exhibit 3.

5. Because the Nigerian government did not finally approve the settlement within the deadlines as extended, Nigeria filed its reply brief on June 13, 2023, and the Court set oral argument for November 13, 2023.

6. On October 26, 2023, counsel for Nigeria reported to counsel for the petitioners that "the President of Nigeria approved the settlement and is communicating that approval to the Ministry of Finance." A true copy of the email between counsel is attached as Exhibit 4.

7. The parties reached agreement on the text of a settlement agreement. The only item left open was the number of days Nigeria would have from the signing of the settlement agreement to receipt of the payment. The settlement agreement is confidential, but it does provide that this Action is not to be dismissed until after the settlement payments have been received.

8. On November 10, 2023, the Friday before oral argument set for Monday, counsel for Nigeria reported to counsel for the petitioners that he had "got[ten] a 90 day payment commitment from [his] client." A true copy of the email between counsel is attached as Exhibit 5. Counsel asked if Mr. Chiejina would be willing to file something with the DC Circuit indicating the case had been settled and removing the case from the oral argument calendar. Later that day, counsel for Nigeria indicated that if he could receive a copy of the agreement signed by Mr. Chiejina that day, "we will do our level best to get our client's signature today or over the weekend." A true copy of the email between counsel is attached as Exhibit 6.

9. Later that day, lead counsel for Nigeria wrote to counsel for the petitioners to follow up on the email attached as Exhibit 6:

> I just want to add to Scott's note below that I'm confident this is a good faith commitment.

Counsel's email is attached as Exhibit 7.

10. On November 10, counsel for the petitioners reported to counsel for Nigeria that Mr. Chiejina had "informed me in writing that he has signed the agreement and is mailing it to me." A copy of counsel's email is attached as Exhibit 8.

11. Later on November 10, the parties then filed a joint notice of settlement, and Nigeria moved to dismiss its appeal. The joint notice, attached as Exhibit 9, explained:

> Earlier, in February and March 2023, Nigeria held federal and presidential elections. The newly elected Government was inaugurated on May 29, 2023. While Nigeria worked diligently to drive forward the settlement approval process throughout this timeframe, the ongoing government-wide transition period caused some understandable bureaucratic slowdowns within the relevant agencies. Nevertheless, committed to honoring the agreed-upon terms and ending this dispute amicably, Nigeria has now successfully completed the aforementioned process and obtained the necessary government approvals for the settlement agreement. After a brief review of the previously negotiated terms, the parties have now come to a full agreement on settlement, including dismissing the action pending in the District Court against Nigeria after the settlement payment is received, awaiting signatures on the settlement agreement.

12. On November 28, 2023 counsel for the petitioners received in the mail the agreement that Mr. Chiejina had signed on November 10 and immediately emailed a copy to counsel for Nigeria. The email between counsel, without the attachment, is attached as Exhibit 10.

13. On December 22, 2023, following two inquiries from counsel for the petitioners, counsel for Nigeria reported that the Minister of Finance had given approval, that the Solicitor General had been working with the Accountant General "to determine where the payment would come from (what account)," and that "we hope it will happen next week." A copy of the email between counsel is attached as Exhibit 11.

3709311_1

14. On January 23, 2024, counsel for Nigeria provided the signed settlement agreement and indicated that Mr. Chiejina "should receive the payment by the end of the week." A copy of the email between counsel (without the attachment) is attached as Exhibit 12.

15. On January 29 2024, counsel for Nigeria stated that Nigeria's Accountant General had stated to Nigeria's lawyers in Paris, in mid-January, that the order for payment would be given "in the coming days," after which payment could be expected within two weeks. A copy of the email exchange between counsel is attached as Exhibit 13.

16. On February 15, 2024, counsel for Nigeria stated that their colleagues "were surprised by the situation, given that the wire instructions were given by the Accountant General to the Central bank a while back." Counsel stated that the Central Bank had asked to have until Friday, Feb. 16, to "resolve the situation." A true copy of the email between counsel is attached as Exhibit 14.

17. Despite further correspondence, Nigeria has not made the payment, nor has it provided any update about the status of the wire transfer.

18. A Rule 16 conference is appropriate in order for the Court and the parties to determine next steps.

For these reasons, the petitioners respectfully request that the Court schedule a Rule 16 conference.

                                                      Respectfully submitted,

                                                      PETER A. CHIEJINA and
PICCOL NIGERIA, LTD.

                                                      By their attorney:

                                                      */s/ Theodore J. Folkman*

                                                      Theodore J. Folkman
RUBIN AND RUDMAN LLP
53 State St.
Boston, MA 02109
(617) 330-7135
tfolkman@rubinrudman.com

Dated:  March 22, 2024

3709311_1